UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21mj03683 O'Sullivan

UNITED STATES OF AMERICA
vs.

JUAN GERARDO SANCHEZ-ROSARIO,
JUAN ROMAN DOMINGUEZ, and
ANNI EXEQUIEL VILLARROEL,

Defendants.
_____/

## CRIMINAL COVERSHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   Yes __ X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes __ X__ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   Yes __ X__ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: _____
RICHARD E. GETCHELL
Assistant United States Attorney
FLA. BAR NO. 817643
11200 N.W. 20ʰ Street
Miami, Florida 33172
(305) 715-7647
(786) 564-9126 (cell)
Richard.getchell@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JUAN GERARDO SANCHEZ-ROSARIO,<br>JUAN ROMAN DOMINGUEZ, and<br>ANNI EXEQUIEL VILLARROEL,<br><br>*Defendant(s)* | Case No. 21mj03683 O'Sullivan |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
Beginning on an unknown date and continuing through on or about ___August 10, 2021___, upon the high seas and elsewhere outside the jurisdiction any particular State or district, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b). |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

DEA S/A CHARLES H. NOONAN
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: 8/23/2021

*Judge's signature*

City and state: Miami, Florida

John J. O'Sullivan, Chief, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Charles H. Noonan, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a Special Agent with the United States Department of Justice, Drug Enforcement administration and have served in this capacity since January 1996. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Special Agent with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information contained in this Affidavit is true and correct to the best of my knowledge and belief. Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

3. This Affidavit is submitted for the limited purpose of establishing probable cause

Juan Gerardo SANCHEZ-Rosario ("SANCHEZ-Rosario"), Juan Ramon DOMINGUEZ ("DOMINGUEZ") and Anni Exequiel VILLARROEL ("VILLARROEL") did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

## PROBABLE CAUSE

4. On or about August 16th, 2021, while on patrol in the area of the Caribbean Sea, United States Maritime Patrol Aircraft (MPA) located a northbound go-fast vessel (GFV) approximately 125 nautical miles north of La Guajira, Colombia. MPA observed three persons on board (POB), two outboard engines displaying no indicia of nationality with visible packages and fuel drums on board. HNLMS HOLLAND with embarked United States Coast Guard Law Enforcement Detached Team (LEDET) 101 District 7 ("D7") responded and located the GFV and launched their helicopter (HELO) and small boat with boarding team (BT).

5. HNLMS HOLLAND shifted tactical control ("TACON") to LEDET D7 for law enforcement action. LEDET D7 granted the BT a statement of no objection ("SNO") for a right of visit ("ROV") boarding, to stop a non-compliant vessel, including warning shots and disabling fire on the GFV, which was reasonably suspected of drug smuggling, displaying no indicia of nationality, and located in international waters.

6. The HELO reported the vessel initially dead in the water (DIW). Upon detection of the HELO, the GFV proceeded to get underway and 3 POB were observed by the HELO initiating the jettison of packages. The HELO conducted warning shots which were initially effective, however the GFV again proceeded to get underway briefly before stopping and remaining DIW.

HNLMS HOLLAND launched a second small boat to recover the jettisoned packages. The BT identified the GFV crewmembers as **Juan Gerardo SANCHEZ-Rosario**, a Dominican national, **Juan Ramon DOMINGUEZ**, a Dominican national, and **Anni Exequiel VILLARROEL**, a Venezuelan national.

7. Upon contacting the GFV, the BT gained positive control and observed the GFV scuttled and rapidly taking on water. The BT embarked **SANCHEZ-Rosario, DOMINGUEZ** and **VILLARROEL** onto their small boat due to safety of life at sea. **SANCHEZ-Rosario, DOMINGUEZ** and **VILLARROEL** were each asked if they were the master or person in charge of the vessel resulting in no claim to be the master or nationality for the vessel. At this time, LEDET D7 granted authorization to treat the vessel as one without nationality ("TWON"), and therefore, subject to the jurisdiction of the United States, and for the BT to conduct a full law enforcement boarding to enforce U.S. laws.

8. The HELO located and vectored the second small boat to the jettison field where they recovered 15 packages with an at sea weight of 360 kilograms that yielded two positive NIK tests for cocaine.

9. At this time, the BT detained **SANCHEZ-Rosario, DOMINGUEZ** and **VILLARROEL** and placed them onto the HNLMS HOLLAND. **SANCHEZ-Rosario, DOMINGUEZ** and **VILLARROEL arrived in San Juan, Puerto Rico** on August 23, 2021 and were turned over to Drug Enforcement Agency personnel for processing and prosecution in the Southern District of Florida.

10. Based on my training and experience, and that of other officers involved in this investigation, I know that maritime smugglers transporting large quantities of cocaine intend to

3

distribute the contraband to others at the end of their journey.

## CONCLUSION

11.  Based upon the information provided above, I respectfully submit probable cause exists to believe **SANCHEZ-Rosario, DOMINGUEZ** and **VILLARROEL** did knowingly and willfully conspire to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

CHARLES H. NOONAN
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this __23rd__ day of August 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4